IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**THOMAS D. SHEETS,**

      **Plaintiff,**

vs.                                                                                         No. CIV 03-0766 WDS

**JO ANNE B. BARNHART, Commissioner**
of the Social Security Administration,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on June 6, 2003.  Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income.  The Court, having considered Plaintiff's Motion [docket # 11] and Memorandum Brief [docket # 12], Defendant's Response [docket # 15], Plaintiff's Reply [docket # 16], the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED IN PART,** and that this matter should be remanded to the Commissioner for further proceedings in accordance with this Memorandum Opinion and Order.

### I.  Background

Plaintiff, who was born on September 25, 1950, worked as a welder, maintenance man and construction worker before the onset of his alleged disability.  Tr. 42, 118-120.  Plaintiff's primary complaint is of unrelenting back pain.  Plaintiff underwent lumbar fusion surgery sometime in the 1980's, but he alleges that his back pain significantly worsened after two incidents at work in 1998.

Tr. 258-259, 183. A lumbar x-ray taken in conjunction with his consultative examination showed degenerative changes and spinal stenosis at L5-S1. Tr. 262. He also has been diagnosed with hepatitis C and asthma. Tr.195, 258-259. Additionally, he had his spleen removed after a diagnosis of Idiopathic Thrombocytopenic Purpura. Tr. 230, 237-238.

Plaintiff filed his initial application for disability insurance benefits ("DIB") under Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI of the Social Security Act on June 23, 2000. Tr. 96-100, 351-357. Plaintiff alleged that he became unable to work on November 6, 1998 as a result of his disabling conditions. Tr. 96. After Plaintiff's application was denied at the initial level, Tr. 75, and at the reconsideration level, Tr. 76, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on March 9, 2001, Tr. 88-89.

The hearing before the ALJ was held on June 27, 2002, at which Plaintiff appeared and was represented by a non-attorney. Tr. 30-74, 27-29. Plaintiff alleged that he was disabled primarily as a result of constant back pain. Tr. 43-44. An issue was raised at the hearing regarding Plaintiff's mental health. Tr. 52-53. As a result, Plaintiff was sent for a psychological consultative examination following the hearing. Tr. 324-329. In a decision dated January 8, 2003, the ALJ denied Plaintiff's claims for DIB and SSI. Tr. 16-18. Plaintiff then filed a request for review with the Appeals Council on January 28, 2003. Tr. 10-11. The Appeals Council denied Plaintiff's request for review on May 28, 2003, Tr. 6-8, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On June 30, 2003 Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, (Docket # 2 and #4) this case was reassigned to the undersigned United States Magistrate Judge

Tr. 258-259, 183. A lumbar x-ray taken in conjunction with his consultative examination showed degenerative changes and spinal stenosis at L5-S1. Tr. 262. He also has been diagnosed with hepatitis C and asthma. Tr.195, 258-259. Additionally, he had his spleen removed after a diagnosis of Idiopathic Thrombocytopenic Purpura. Tr. 230, 237-238.

Plaintiff filed his initial application for disability insurance benefits ("DIB") under Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI of the Social Security Act on June 23, 2000. Tr. 96-100, 351-357. Plaintiff alleged that he became unable to work on November 6, 1998 as a result of his disabling conditions. Tr. 96. After Plaintiff's application was denied at the initial level, Tr. 75, and at the reconsideration level, Tr. 76, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on March 9, 2001, Tr. 88-89.

The hearing before the ALJ was held on June 27, 2002, at which Plaintiff appeared and was represented by a non-attorney. Tr. 30-74, 27-29. Plaintiff alleged that he was disabled primarily as a result of constant back pain. Tr. 43-44. An issue was raised at the hearing regarding Plaintiff's mental health. Tr. 52-53. As a result, Plaintiff was sent for a psychological consultative examination following the hearing. Tr. 324-329. In a decision dated January 8, 2003, the ALJ denied Plaintiff's claims for DIB and SSI. Tr. 16-18. Plaintiff then filed a request for review with the Appeals Council on January 28, 2003. Tr. 10-11. The Appeals Council denied Plaintiff's request for review on May 28, 2003, Tr. 6-8, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On June 30, 2003 Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, (Docket # 2 and #4) this case was reassigned to the undersigned United States Magistrate Judge

pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994).  Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.*  However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920.  First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750.  If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.*  At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.*  If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments

3

that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III. Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 20. The ALJ found at step two that Plaintiff has severe impairments of lumbar degenerative disc disease (L5-S1) with history of lumbar surgery, hepatitis C, history of splenectomy, and chronic substance abuse. Tr. 21. The ALJ found that the Plaintiff's asthma was mild, and not severe. Tr. 21. He found at step three that Plaintiff's impairments are not severe enough to meet any of the Listings. Tr. 21. At step four, the ALJ concluded that Plaintiff retains the RFC to perform work activities involving occasionally lifting and carrying up to 20 pounds and frequently lifting and carrying up to 10 pounds, walking and standing up to six hours in an eight-hour day, and frequently climbing, balancing, stooping, and kneeling and occasionally climbing ladders and scaffolds, crouching and crawling. Tr. 22. The ALJ found that

Plaintiff is restricted from working in weather extremes and in poor ventilation with exposure to fumes, odors, dust and gases. Tr. 22. Given this RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work as a welder, construction worker, or apartment maintenance man. Tr. 23. However, at step five the ALJ concluded, with the assistance of testimony from a vocational expert, that there are a significant number of jobs in the national economy that Plaintiff can perform. Tr. 24.

Plaintiff contends that the ALJ erred in determining Plaintiff's RFC, which in turn led to an erroneous Step 5 finding. Plaintiff also contends that the ALJ's assessment of Plaintiff's credibility was contrary to law and not supported by substantial evidence.

## IV.  Discussion

### A.  Whether the ALJ Erred in Determining Plaintiff's RFC

Plaintiff's primary objection is that the ALJ, in determining Plaintiff's RFC, relied upon a medical RFC assessment that was completed by a reviewing physician rather than an examining or treating physician. For the reasons stated below, the Court finds that Plaintiff's complaint is well taken and the case should be remanded for reassessment of Plaintiff's RFC.

The assessments of reviewing physicians are less probative than the findings of an examining physician, which are, in turn, accorded less weight than the opinions of the claimant's treating physician. *Gatson v. Bowen*, 838 F.2d 442, 448 (10th Cir. 1988)  There is no "bright line" test in Tenth Circuit case law as to when or whether an RFC assessment can be completed by a reviewing physician. However, where the record contains objective medical evidence of a physically disabling condition,  First Circuit caselaw requires the ALJ to base his residual functional capacity finding on a treating/examining source's assessment, rather than on an assessment prepared by a non-examining

5

consultant.  See *Rivera-Figueroa v. S.H.H.S.*, 858 F.2d 48, 52 (1st Cir. 1988); see also *Heggarty v. Sullivan*, 947 F.2d 990, 997 n. 1 (1st Cir. 1991); *Rivera-Torres v. S.H.H.S.*, 837 F.2d 4, 6 (1st Cir. 1988); *Martinez v. Commissioner of Social Security*, 306 F. Supp. 2d 98, (D.P.R. 2004).  This First Circuit case law was cited with approval in *Gathright v.Shalala*, 872 F.Supp. 893, 898 (D.N.M. 1993).

The rationale for having an RFC assessment completed by a treating or examining physician under the circumstances of this case can be found in relevant social security regulations.  Pain must be considered in evaluating residual functional capacity.  20 C.F.R. §§404.1545 & 416.945.  S.S.R. 96-8p provides that the RFC assessment must be based on all of the relevant evidence in the case record.  Pain symptoms are specifically included in the factors to be considered.  "Careful consideration must be given to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone."  Id.

In this case, there was unanimous agreement among treating and examining physicians that Plaintiff was experiencing some level of pain in his lower back, and that there was objective medical evidence of a medical condition that could be expected to produce such pain.  Plaintiff had undergone a diskectomy and lumbar fusion (L5-S1) in 1989.  Tr. 183.  Following his injury in 1998, electrodiagnostic assessment revealed acute left lumbar radiculopathy and chronic right lumbar radiculopathy.  Tr. 175.  Dr. Black found that Plaintiff had "significant" pain[1].  Tr. 154.  In his September 7, 2000 consultative examination, Dr. Seibel found that Plaintiff had "rather severe back

---

[1] The fact that she did not relate the onset of pain to Plaintiff's September, 1998 work accident (Tr. 154)  is of no relevance in this matter.

pain." Tr. 261. Dr. Banks assessed Plaintiff as suffering from chronic back pain. Tr. 292. A psychological consultative examination was performed by Dr. Padilla, Tr. 324-329, who concluded that Plaintiff's "obvious pain and discomfort" would limit his ability to do work-related activities. Tr. 328.

On the other hand, Dr. Green, the reviewing physician who prepared Plaintiff's physical RFC assessment, Tr. 284-291, was singularly unable to assess that pain because he never examined the claimant. In fact, the RFC assessment is silent regarding the pain symptoms experienced by claimant. Tr. 289. The "Symptoms" section of the RFC assessment form asks the doctor to discuss, among other things, "whether the severity of the symptom(s) and its alleged effect on function is consistent, in your judgment, with the total medical and nonmedical evidence, including statements by the claimant and others, observations regarding activities of daily living, and alterations of usual behavior or habits." There is no such discussion. The instructions to the assessing physician, Tr. 284, direct the physician to consider and respond to "any alleged limitations imposed by symptoms (pain, fatigue, etc.) attributable, in your judgment, to a medically determinable impairment" It is unclear how Dr. Green could do this without examining Plaintiff, yet Dr. Green, for example, found that Plaintiff could "frequently" climb stairs, balance, stoop and kneel. Tr. 286. The Court finds that under the circumstances of this case, a physical RFC assessment that does not consider and respond to Plaintiff's alleged limitations due to pain cannot be considered "substantial evidence." The RFC assessment should have been completed by a treating or an examining physician, and this matter is remanded for further proceedings in order that that may be done.

Determination of RFC is initially done in connection with step four of the five step process. However, in this matter, Plaintiff's inability to perform his past work does not appear to be disputed.

The significance of Plaintiff's RFC is in the step five determination of whether there are a significant number of jobs available to Plaintiff in the national economy. Accordingly, this matter is remanded for additional step five proceedings, including VE testimony that incorporates both the physical and the mental RFC[2] assessments for Plaintiff.

In view of the fact that this matter is being remanded for further proceedings, it is not necessary for the Court to address the issues raised by Plaintiff regarding credibility determinations in the original proceedings. Upon conclusion of the remand proceedings it will be necessary for the ALJ to make a new determination of Plaintiff's RFC, and that determination should be supported by findings made in accordance with applicable Social Security rulings, regulations, and caselaw.

Finally, the Court presumes that upon remand the ALJ will comply with SSA regulations regarding the period of time during which Plaintiff is eligible for benefits under this claim, given Plaintiff's
award of benefits through a second application. No preemptive ruling on the part of the Court is required.

## V.  Conclusion and Summary

In sum, the Court finds that it was error in this case to obtain a physical RFC assessment for Plaintiff from a reviewing physician rather than a treating or examining physician. The Court further finds that the psychological RFC assessment obtained after the hearing contained information that could have been of significance to the VE who testified at Plaintiff's hearing.

Accordingly, this matter shall be remanded to the Commissioner of Social Security to conduct

---

[2]Dr. Padilla's psychological RFC assessment contains several areas of "moderate" or "marked" limitation, findings that were not available to the VE at the initial hearing.

further proceedings, which shall include:

    1)    At step five of the sequential analysis, the Commissioner should re-assess Plaintiff's physical residual functional capacity after obtaining an RFC assessment from a treating or examining physician, supporting the RFC determination with findings made in accordance with applicable Social Security rulings, regulations, and caselaw.

    2)    At step five of the sequential analysis, the Commissioner should obtain additional testimony from a Vocational Expert to determine whether there are any jobs the Plaintiff can perform that exist in significant numbers in the regional and national economies. The Commissioner's hypothetical to the VE should include all of the limitations noted by Dr. Padilla, as well as any limitations contained in the revised physical RFC assessment.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket # 11] is **GRANTED IN PART,** and this matter shall be remanded to the Commissioner of Social Security for further proceedings in accordance with this Memorandum Opinion and Order.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**